**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 09-40185
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MATILDE VELEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:08-CR-728-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Velez challenges his within-guideline sentence. He argues that the district court committed significant procedural error in failing to provide an ade-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

quate explanation for the sentence. He further avers that the sentence is substantively unreasonable. He concedes that he did not raise these arguments in the district court, but he seeks to preserve for possible further review his contention that review should not be limited to plain error.

Because Velez did not raise these arguments in the district court, we review for plain error. *See United States v. Mondragon-Santiago,* 564 F.3d 357, 361 (5th Cir. 2009), *cert. denied*, 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). To show plain error, Velez must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). This court will correct such an error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Velez does not explain how his sentence might have differed had the district court provided an explanation. Even if he has identified clear or obvious error with respect to the adequacy of the explanation, he has not shown that the error affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364-65. He argues that the district court's "failure to address his nonfrivolous mitigation arguments deprived this Court of the ability to conduct a thorough analysis of the substantive reasonableness of the sentence." As he acknowledges, however, this argument is foreclosed by *Mondragon-Santiago*, 564 F.3d at 365. Because Velez has not shown that the error, if any, affected his substantial rights, he has not shown plain error. *See id.* at 364-65; *Baker*, 538 F.3d at 332.

Velez's within-guideline sentence is afforded a presumption of reasonableness. *Rita v. United States*, 551 U.S. 338, 347 (2007). His appellate arguments amount to a disagreement with the district court's weighing of the 18 U.S.C. § 3553(a) factors and the appropriateness of the sentence. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Mal-*

*donado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Velez has not shown that his sentence is substantively unreasonable, nor has he rebutted the presumption of reasonableness that attaches to a within-guideline sentence. *See Rita*, 551 U.S. at 347.

AFFIRMED.